Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| **MARIA YOUNKER,** | Case No.: 10-3140 |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); |
| **VALENTINE & KEBARTAS, INC.,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.      Plaintiff, Maria Younker ("Plaintiff"), is a natural person residing in Klamath County, Oregon.

4. Defendant, Valentine & Kebartas, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b, including contacting Plaintiff's mother and father repeatedly on their home phone without Plaintiff's permission and without such contact being necessary to effect a post-judgment remedy (§ 1692c(b));

10. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including disclosing the existence of the debt to both Plaintiff's mother and father repeatedly in telephone calls made to their separate phone number, 541-783-2665

(§ 1692b(2) & § 1692c(b));

11. Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, including calling Plaintiff's parents' home multiple times (§ 1692b(3) & § 1692c(b));

12. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening that Plaintiff could be arrested for non-payment and that Plaintiff would be sued, and that Plaintiff's property would be taken. Defendant also threatened to get Plaintiff kicked off of a soccer team by disclosing her debt to her coach. Plaintiff does not play on a soccer team (§ 1692e(5)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendant's actions, detailed in paragraphs 8-12, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692c(b), 1692b(2), 1692b(3), 1692e(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 2nd day of December, 2010.

By: /s/ Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff